## In re Main's Estate

*W. M. Bunnell*, for accountants.
*Elbert L. Davies*, for heirs.

SANDO, J., December 30, 1936.—This is an audit of the first and final account of W. M. Bunnell and the Scranton Lackawanna Trust Company, substituted trustees.

Decedent, Charles A. Main, of the City of Scranton, County of Lackawanna, on September 20, 1922, entered into a trust agreement with The Anthracite Trust Company, under the terms of which The Anthracite Trust Company was named as trustee. By due proceedings the accountants were appointed substituted trustees under said trust agreement in place and stead of The Anthracite Trust Company.

After the death of Charles A. Main letters of administration were granted, on October 24, 1923, to Frank K. Main, entered to no. 1175, year 1923, in the office of the Register of Wills in and for Lackawanna County. Subsequent to the administration of the estate of decedent, a paper purporting to be the last will and testament of Charles A. Main was discovered, said paper bearing date of February 12, 1913, which paper has not been offered for probate. The date of discovery was not stated. Frank

K. Main, administrator of the estate of Charles A. Main, deceased, and also an income beneficiary under said trust agreement, died in the year 1934 or 1935, leaving to survive him a widow, Helen Main, and one daughter, born December 21, 1925, for whom no guardian has been appointed.

The heirs at law of Charles A. Main, the deceased settlor, as constituted on the date of the trust agreement, viz., September 20, 1922, are as follows: Frank K. Main, son, now deceased; Florence Blumerick, daughter; Grace A. Main, daughter, and Bernice R. Main, daughter.

It appears that on the execution of the trust agreement Charles A. Main paid $5,000 to The Anthracite Trust Company, subject, inter alia, to the following terms and provisions:

"The said sum is to be invested and reinvested, at the discretion of the trustee, and the income thereof paid semi-annually to Frank K. Main, (son of the said Charles A. Main), of Dimock, Susquehanna County, Pennsylvania, for the term of five years from the date hereof. At the expiration of five years from the date hereof the payments to the said Frank K. Main shall cease and determine absolutely and from that time forth the income of the said Trust shall accumulate in the hands of the trustee and be invested and reinvested until fifty years thereafter; at the end of the said fifty years from the date of the cessation of payments of the income to the said Frank K. Main, then the whole fund with the accumulations of interest, shall be paid to the lineal descendants then living of the said Charles A. Main, whose principal occupation is that of farming, the said distribution to be made only to those of his lineal descendants whose principal occupation is that of farming, and to be distributed, share and share alike, to those of his lineal descendants whose principal occupation is that of farming, as above set forth."

At the hearing, appearances were entered for the ac-

countants and for the three daughters. There were no appearances for Helen Main, Betty Main, or Percy Main.

The trust in the instant case is void, because of the violation of the rule against perpetuities. In the introduction to Gray on Perpetuities (3d ed.), page 1, it is stated that "a bequest to those descendants of the testator who shall be living fifty years after his death is bad"; and the rule against perpetuities is defined as follows (sec. 201) : "No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." This definition was adopted by the Supreme Court in Friday's Estate, 313 Pa. 328, and, in a discussion of the issue involved in that case, the court said at page 333: "The rule prohibits the creation of future interests, legal or equitable, which by any possibility (not probability) may not vest within the lawful period", citing Feeney's Estate, 293 Pa. 273; Lilley's Estate, 272 Pa. 150.

In the instant case the possibilities of nonvesting are apparent. The settlor may have no lineal descendants at the time fixed for the termination of the trust, and even if such descendants exist they may not be engaged in farming. The period of 50 years after the last payment to his son is also too remote.

While the attorneys in the instant case have submitted no briefs, yet they ask the court to determine the disposition of the fund as between the children and the estate of the decedent.

We have been unable to find any decisions of the Supreme Court on this point, but in the A. L. I. Restatement of Trusts, §419(2), it is said:

"Where the transferor revokes the authority of the transferee, or dies, or is under an incapacity, or the purpose fails, the transferee holds the property, or so much of the property as he has not in the meantime applied to the designated purpose, upon a resulting trust for the transferor or his estate."

The settlor of a trust cannot be expected to be ac-

quainted with all the applications of the rule against perpetuities, and it is not for the court to substitute its own conception of the meaning of the settlor in the event of the failure of the purpose of the trust.

The trustees are, therefore, directed to furnish a schedule of distribution in accordance with this opinion.